## John and James Dobson, Impleaded, etc., v. Annie B. Hughes, Executrix.

1.  Practice—*Dismissal of an Appeal for Want of a Sufficient Bond.* —When an appellant is denied the privilege of filing a new appeal bond, a bill of exceptions is the only way to show it; the statute does not require the order of dismissal to be *nisi.*

**Transcript,** on appeal from a justice of the peace. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

BULKLEY, GRAY & MORE and L. S. HODGES, attorneys for plaintiffs in error.

If the error complained of is shown upon the face of the record proper, no bill of exceptions is necessary. If not so shown, then it is necessary. Baldwin v. McClelland, 50 Ill. App. 652.

For errors appearing in the record a bill of exceptions is not necessary. Gallimore v. Dazey, 12 Ill. 143; Van Dusen v. Pomeroy, 24 Ill. 289.

JOHN P. AHRENS, attorney for defendant in error.

The motion of said claimants for leave to furnish a new bond, the ruling of the court upon it, and exception to such ruling not having been preserved in the record by a bill of exceptions, the decision of the Circuit Court will not be inquired into by this court. The record before this court, therefore, is not in a condition to enable the plaintiffs in error to have the said order of the Circuit Court inquired into. Neely v. Wright, 72 Ill. 292; Deitrich v. Waldron, 90 Ill. 115; Hyatt v. Brown, 82 Ill. 28; Vermont Township v. Koons, 42 Ill. App. 454; C., R. I. & P. Ry. Co. v. Town of Calumet, 151 Ill. 512.

Had the defendant desired to review the decision of the Circuit Court, he should have excepted to the ruling of the court and preserved the exceptions in the record. Neely v. Wright, 72 Ill. 292; Parsons v. Evans, 17 Ill. 238; Daniels v. Shields, 38 Ill. 198.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The Circuit Court dismissed the appeal of the plaintiffs in error to that court from the judgment of the Probate Court "for want of a proper bond * * * filed in the Probate Court."

The brief of the plaintiff in error alleges that such a bond

was duly filed in the Probate Court, "but was not approved by the judge of said court, owing to his absence from the city on vacation."

The prayer in the Probate Court for an appeal was on the 5th day of August, 1891, and was granted upon "presenting to this court within twenty days from this date their appeal bond, * * * to be approved by this court."

A part of the record from the Probate Court to the Circuit Court was a bond dated August 20, 1896, with nothing to show when it was filed—if ever—and with no approval by the court shown in any way.

Whether the Circuit Court erred is not a question before us.

There is no bill of exceptions in the case—only a transcript by the clerk of the Circuit Court of the record from the Probate Court, and of the motion by the defendant in error in the Circuit Court, and the order of that court on that motion.    Neely v. Wright, 72 Ill. 292.

If the plaintiff in error were denied the privilege of filing a new bond, a bill of exceptions is the only way to show it.    The statute does not require the order of dismissal to be *nisi.*

We can not take the history of the case from a brief, instead of a bill.

The judgment of the Circuit Court is affirmed.